FILED
COURT OF APPEALS
DIVISION II

2013 JUN 11 AM 10: 41

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43797-0-II |
| Respondent, | |
| v. | |
| DAVID W. BLANKENCHIP, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — David W. Blankenchip appeals his conviction for fourth degree assault. The State charged Blankenchip with residential burglary, but the trial court convicted him of fourth degree assault as a lesser-included offense following a bench trial. Blankenchip argues, and the State concedes, that his conviction was improper because fourth degree assault is not a lesser-included offense or a lesser degree offense of residential burglary. We accept the State's concession and reverse Blankenchip's conviction.

## FACTS

On April 8, 2012, David Blankenchip spent the day with Erin Shallcross, whom he had been dating. In the early morning hours, Shallcross and Blankenchip engaged in a verbal altercation. In the midst of the argument Shallcross left her residence and went to her friend Sara Stewart's residence, where she went to sleep in the bedroom. Shortly thereafter, Blankenchip also went to Stewart's residence to request the return of money he loaned Shallcross and to

"sever the relationship." Verbatim Report of Proceedings (VRP) (July 31, 2012) at 77. Shallcross, Stewart, and Stewart's daughter were asleep in the home. Blankenchip entered the residence unannounced where he found Shallcross asleep in the bedroom. After Shallcross and Blankenchip again exchanged words, Blankenchip hit Shallcross on the right side of her face.

The State charged Blankenchip with residential burglary committed against a family or household member. After a bench trial, the trial court concluded that Blankenchip did not enter or remain in Stewart's residence unlawfully because he had implied permission to enter. The trial court concluded further that Blankenchip did not intend to commit a crime at the time of his entry. Accordingly, the court found Blankenchip not guilty of residential burglary. Instead, the trial court found Blankenchip guilty of fourth degree assault as a lesser-included offense.

Blankenchip objected to the court's determination that fourth degree assault was a lesser-included crime of residential burglary and to Blankenchip's conviction for that crime because the State did not charge him with assault. The trial judge responded, "Good. Appeal me." VRP (July 31, 2012) at 97. Moreover, Blankenchip also filed a presentence memorandum in which counsel again objected and explained that fourth degree assault was not a lesser-included offense of the charged crime. The trial court nevertheless sentenced Blankenchip. Blankenchip appeals.

## ANALYSIS

### A. Lesser-Included Offense

Blankenchip contends that his conviction must be reversed because the State did not properly charge him with assault and because fourth degree assault is not a lesser-included offense of residential burglary. The State concedes that Blankenchip cannot be convicted of fourth degree assault because it is not a lesser-included offense, and that reversal is required. We agree and accept the State's concession.

2

Both the Sixth Amendment and the Washington Constitution contain provisions that grant a defendant the right to be informed of the charges against him and to be tried only for those offenses charged. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Pelky*, 109 Wn.2d 484, 488, 745 P.2d 854 (1987). These provisions operate to guarantee the defendant has sufficient notice of the charges he faces. *State v. Peterson*, 133 Wn.2d 885, 889, 948 P.2d 381 (1997). But these rules are subject to two statutory exceptions: where a defendant is convicted of a lesser-included offense of the one charged pursuant to RCW 10.61.006, and where a defendant is convicted of a crime which is an inferior degree pursuant to RCW 10.61.003. *Peterson*, 133 Wn.2d at 889.

RCW 10.61.006 allows a trial court to find an accused guilty of a crime not charged if it is "an offense the commission of which is necessarily included within that with which he or she is charged in the indictment or information." It is appropriate for a court to consider a lesser-included offense when: (1) each of the elements of the lesser offense is a necessary element of the offense charged, and (2) the evidence supports an inference that the lesser crime was committed. *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978). Therefore, if it is possible to commit the greater offense without necessarily committing the lesser, the latter is not an included crime. *Pelky*, 109 Wn.2d at 488 (citing *State v. Bishop*, 90 Wn.2d 185, 191, 580 P.2d 259 (1978)).

Residential burglary, with which Blankenchip was charged here, requires the State to prove that the accused unlawfully entered or remained in a dwelling with intent to commit a crime therein against persons or property. RCW 9A.52.025. A conviction for fourth degree assault requires proof that a person assaulted another in circumstances not amounting to first, second, or third degree assault. RCW 9A.36.041.

3

The term assault itself is not statutorily defined so Washington courts apply the common law definition. *State v. Stevens*, 158 Wn.2d 304, 310-11, 143 P.3d 817 (2006). Washington recognizes three common law definitions of assault: (1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm. *Stevens*, 158 Wn.2d at 311. Applying these definitions, it is clear that assault is not necessarily or invariably included among the elements of residential burglary because it is possible to commit the latter without committing the former.

Assault is a crime committed by one person against another. Residential burglary as defined above involves unlawful entrance into a dwelling with the intent to commit a crime against persons *or property*. Residential burglary may be, and often is, committed when someone enters a home for the purpose of theft when the owners are away. Moreover, a person could unlawfully enter a dwelling with the intent to commit arson, vandalism, or malicious mischief among other things. In these instances, no assault would necessarily occur, but a person committing one of the aforementioned acts would nevertheless be guilty of residential burglary. Thus, because there are alternative means of committing residential burglary without necessarily committing fourth degree assault, the latter is not a lesser-included crime.

### B. Lesser Degree Offense

Blankenchip's conviction for fourth degree assault would be proper if fourth degree assault were an inferior degree offense of residential burglary, notwithstanding the fact that such a charge did not appear in the information. *State v. Tamalini*, 134 Wn.2d 725, 731, 953 P.2d 450 (1998).

4

No. 43797-0-II

This second exception to the requirement that a criminal defendant may be convicted only of those crimes charged in the information is codified in RCW 10.61.003 which provides:

> Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense.

A crime is an inferior degree of another when (1) the statutes for both the charged offense and the proposed inferior degree offense "'proscribe but one offense,'" (2) the information charges an offense that is divided into degrees, and the proposed offense is an inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense. *Peterson*, 133 Wn.2d at 891 (citing *State v. Foster*, 91 Wn.2d 466, 472, 589 P.2d 789 (1979)).

Here, neither of the first two elements is met. The statutes do not proscribe but one offense. Rather, the statute under which Blankenchip was charged proscribes residential burglary and the statute under which he was convicted proscribes fourth degree assault. *See* RCW 9A.52.025; RCW 9A.36.041. Moreover, assault is not an inferior degree of the crime charged because residential burglary is not divided into degrees at all.

Because fourth degree assault is not a lesser-included offense nor an inferior degree of residential burglary, Blankenchip's conviction for fourth degree assault must be reversed. Because we reverse the conviction it is unnecessary for us to examine the alleged defects in the judgment and sentence.

5

No. 43797-0-II

We reverse.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Hunt, J.

Penoyar, J.

6